IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JARREAU A. AYERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 09-475-SLR |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| and JOSEPH R. BIDEN, III, ) | |
| Attorney General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents. ) | |

Jarreau A. Ayers. Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

July 15, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Jarreau A. Ayers' ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 2) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In October 2002, a Delaware Superior Court jury convicted petitioner of non-capital first degree murder, first degree conspiracy, possession of a firearm by a person prohibited, and possession of a firearm during the commission of a felony. The Superior Court immediately sentenced petitioner to life imprisonment plus a term of years. The Delaware Supreme Court affirmed petitioner's convictions and sentences. *Ayers v. State*, 844 A.2d 304 (Del. 2004).

In March 2007, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the motion in November 2007, and the Delaware Supreme Court affirmed the Superior Court's decision in June 2008. *See Ayers v. State*, 954 A.2d 909 (Table), 2008 WL 2580940 (Del. June 30, 2008).

Petitioner's pending § 2254 application, dated June 24, 2009, asserts the following two claims: (1) the Delaware Superior Court violated his Sixth and Fourteenth Amendment rights by permitting the State to refer to evidence that had been destroyed prior to trial; and (2) the Superior Court violated Delaware Rule of Evidence 404(b) by erroneously admitting into trial evidence of an incident whereby petitioner threatened a

witness to the murder. The State filed an answer, asserting that the application should be denied as time-barred or, alternatively, as procedurally barred. (D.I. 14) The application is ready for review.

### III. ONE YEAR STATUTE OF LIMITATIONS[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated June 2009, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when petitioner's conviction became final under §

---

[1] The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternative reason for denying the application.

2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's conviction and sentence on March 12, 2004, and he did not seek certiorari review. Therefore, petitioner's conviction became final on June 10, 2004. Accordingly, to comply with the one-year limitations period, petitioner had to file his § 2254 application by June 10, 2005. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file the instant application until June 24, 2009,[2] four years after the expiration of AEDPA's limitations period. Thus, the instant habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158. The court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls

---

[2]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts June 24, 2009 as the date of filing because that is the date on petitioner's application.

3

AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. See *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, petitioner filed a Rule 61 motion for post-conviction relief on March 21, 2007, almost two years after the expiration of AEDPA's limitations period. Therefore, his Rule 61 motion has no statutory tolling effect.

### B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *Holland v. Florida*, - S.Ct. -, 2010 WL 2346549 (June 14, 2010). However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[3] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has identified three situations in which equitable tolling may be warranted:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616 (3d Cir. 1998).

Petitioner asserts that the limitations period should be tolled because he did not realize that AEDPA's one-year period would continue to run during the period between

---

[3]*Holland*, 2010 WL 2346549, at *12.

the Delaware Supreme Court's affirmation of his convictions and the time he filed his Rule 61 motion. (D.I. 30, at p.5) This argument is unavailing, because a petitioner's lack of legal knowledge or miscalculation regarding the one-year filing period does not constitute an extraordinary circumstance triggering equitable tolling. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Accordingly, the court will dismiss petitioner's habeas application as untimely.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed

further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.